## MICHAEL CUMMINGS ET AL. *v.* DEPARTMENT OF TRANSPORTATION
### (AC 33929)

Bear, Espinosa and Borden, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued November 28, 2012—officially released May 28, 2013

*Ronald D. Williams, Jr.*, for the appellant (defendant).

*T. J. Donohue, Jr.*, for the appellee (named plaintiff).

*Opinion*

ESPINOSA, J. The plaintiff Michael Cummings commenced this action against the defendant, the department of transportation, to recover money damages under Connecticut's highway defect statute, General Statutes § 13a-144.[1] The defendant appeals from the judgment of the trial court denying its motion to dismiss and/or for summary judgment. The defendant claims that (1) the plaintiff's action should have been dismissed on jurisdictional grounds because the allegations in the

---

[1] The original complaint included a loss of consortium claim brought by the plaintiff Tammy Cummings, the wife of Michael Cummings. Later, the plaintiffs amended their complaint by withdrawing Tammy Cummings as a plaintiff as well as the loss of consortium claim. In this opinion, we refer to Michael Cummings as the plaintiff.

plaintiff's complaint were insufficient to state a cause of action under § 13a-144 and (2) it was entitled to judgment as a matter of law because the evidence demonstrated that the alleged highway defects were not the sole proximate cause of the plaintiff's injuries. We agree with the defendant's first claim and reverse the judgment of the trial court.

In his one count amended complaint, dated August 3, 2009, the plaintiff alleged in relevant part that on July 29, 2005, he "was operating his motor vehicle easterly along Route 44, a public highway, in Avon, Connecticut, when a series of collisions occurred when a truck owned by American Crushing and Recycling, LLC, careened down Avon Mountain from east to west, left the west bound travel path, experienced exploded brakes and crashed into multiple vehicles including the plaintiff's as it traversed and descended the 10 [percent] slope down Avon Mountain on Route 44 in Avon, Connecticut." The plaintiff alleged that the resulting collision caused him injury.

Further, the plaintiff alleged that "[s]aid injuries occurred due to the neglect and/or default of the [s]tate of Connecticut, its [d]epartment of [t]ransportation, its [c]ommissioner of [t]ransportation Stephen E. Korta II, and/or its agents, servants or employees, by means of a defective road, in one or more of the following way:

"(a) in that they utilized a plan of design, construction and/or repair for the area of Route 44 described above, adopted by the [s]tate of Connecticut and/or its employees, which was totally inadequate, in that it created an unsafe condition;

"(b) in that they failed to provide adequate warnings and signage on the downhill grade on Route 44 before the intersection;

"(c) in that they failed to construct a necessary runaway truck ramp;

"(d) in that they failed to prohibit trucks on this roadway in the absence of other safeguards;

"(e) in that they failed to have, or failed to have adequate, procedures for maintaining the downhill slope in a safe condition;

"(f) in that they failed to train, or properly train, personnel in inspection of, or maintenance of, the signage and grade;

"(g) in that they failed to maintain, or properly maintain, the roadway for traffic upon it;

"(h) in that they failed to inspect, or properly inspect, the roadway so that it could be maintained or properly maintained;

"(i) in that they failed to train, or properly train, personnel to inspect the roadway so that it could be maintained or properly maintained;

"(j) in that they failed to have, or failed to have adequate, procedures for inspecting and maintaining the roadway so as to be safe for vehicular traffic;

"(k) in that they failed to have procedures in place so adequate notice could be given to correct unsafe conditions on the roadway or so that the roadway could be closed;

"(l) in that they failed to follow procedures which were intended to give adequate notice so that unsafe conditions on the roadway could be corrected, or the roadway closed;

"(m) in that they failed to provide adequate advance warning of said dangerous area to oncoming motorists so that they could avoid foreseeable out of control vehicles coming down the mountain;

"(n) in that they failed to close the road until conditions could be made safe for travel;

"(o) in that they failed to follow practices and procedures set forth in the state's [p]olicy [m]anual;

"(p) in that they failed to properly supervise state agents, servants or employees who were responsible for maintaining the roadway in a safe condition . . .

"(q) in that they failed to install visible street signage for cross streets at Deercliff Road at the top of the mountain [and/or]

"(r) [i]n that they failed to maintain a safe and adequate intersection at Deercliff Road and Route 44 . . . ." The plaintiff sought damages for the injuries resulting from the collision.[2]

Thereafter, the defendant filed a motion to dismiss and/or for summary judgment. The defendant argued that the plaintiff's complaint should be dismissed on jurisdictional grounds arising from its sovereign immunity because the complaint merely alleged common-law negligence, not the existence of a defect that fell within the scope of § 13a-144. Specifically, the defendant argued that the plaintiff had alleged negligent conduct by the defendant that gave rise to a highway defect, but that the specific allegations in the complaint concerning the absence of certain safety measures as well as the deficient conduct of the defendant concerning the roadway did not relate to defects actionable under

---

[2] The trial court granted the defendant's Practice Book § 9-5 motion to consolidate this action with *Stotler* v. *Dept. of Transportation*, Superior Court, judicial district of Hartford, Docket No. CV-07-5011825-S (September 29, 2011), another defective highway action arising out of the events at issue in the plaintiff's complaint. The court's memorandum of decision disposed of the defendant's motions to dismiss and/or for summary judgment in both cases.

The defendant has appealed in both the present case and *Stotler*. See *Stotler* v. *Dept. of Transportation*, 142 Conn. App. 826, 70 A.3d 114 (2013). Subsequently, this court consolidated the related appeals for oral argument only. Also, this court granted the plaintiff's motion to adopt the appellate brief of the plaintiff-appellee in *Stotler*.

§ 13a-144. Also, the defendant argued that it was entitled to judgment in its favor because the plaintiff failed to demonstrate that a genuine issue of material fact existed that the claimed highway defects were the sole proximate cause of the plaintiff's injuries. The defendant argued that the plaintiff alleged that the collision between the American Crushing and Recycling, LLC truck and the plaintiff caused the plaintiff's injuries. In addition, the defendant argued that the evidence was beyond dispute that negligent actions and omissions of the truck's owner, David Wilcox, led to the catastrophic brake failure that caused the collision. The defendant argued that the evidence "undeniably" demonstrated that such negligent conduct was a substantial factor in causing the plaintiff's injuries. The defendant attached documentary proof to its motion, pertaining to the issue of sole proximate cause. The plaintiff filed a written memorandum in opposition to the defendant's motion. Likewise, the plaintiff attached documentary proof to his objection. The defendant filed a written reply to the plaintiff's objection along with additional submissions of documentary proof.

Following a hearing related to the defendant's motion, the court issued a thorough memorandum of decision in which it denied the motion to dismiss and motion for summary judgment. In denying the motion to dismiss, the court interpreted the complaint to allege that the plan of design of the portion of Route 44 at issue, specifically its steep downhill grade, was an intrinsic design defect which, for trucks, created an unacceptable risk of brake failure. The court concluded that such an allegation concerning the steep downhill grade brought the plaintiff's action within the scope of § 13a-144. Accordingly, the court rejected the defendant's claim that, because the state was immune from suit beyond the parameters of the § 13a-144, the action was not properly before the court. In denying the

motion for summary judgment, the court reasoned that genuine issues of material fact existed as to whether the allegedly defective condition of the highway was the sole proximate cause of the injuries at issue. This appeal followed.

I

First, the defendant argues that the plaintiff's action should have been dismissed on jurisdictional grounds because the allegations in the plaintiff's complaint were insufficient to state a cause of action under § 13a-144. We agree.

The plaintiff's complaint materially is indistinguishable from that brought against the defendant by the plaintiff in *Stotler* v. *Dept. of Transportation*, 142 Conn. App. 826, 70 A.3d 114 (2013). In *Stotler*, we determined that the allegations of the complaint, construed in the light most favorable to the plaintiff, did not fall within the ambit of § 13a-144. Id., 841. We concluded that the claim was barred by the doctrine of sovereign immunity and, on jurisdictional grounds, should have been dismissed by the trial court. Id., 842. The present claim is controlled by our analysis and holding in *Stotler*. Accordingly, we conclude that the court should have dismissed the complaint.

II

Next, the defendant claims that it was entitled to judgment as a matter of law because the evidence demonstrated that the alleged highway defects were not the sole proximate cause of the plaintiff's injuries. In light of our resolution of the defendant's first claim, we need not, and do not, reach the merits of this claim.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to dismiss and to render judgment dismissing the plaintiff's complaint.

In this opinion the other judges concurred.