******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MICHAEL CUMMINGS ET AL. *v*. DEPARTMENT OF
TRANSPORTATION
(SC 19176)

Rogers, C. J., and Palmer, Zarella, Eveleigh, Robinson and Vertefeuille, Js.

*Argued April 30—officially released August 19, 2014*

*Thomas J. Donohue, Jr.*, for the appellant (named plaintiff).

*Ronald D. Williams, Jr.*, for the appellee (defendant).

*Opinion*

ROGERS, C. J. The dispositive issue in this certified appeal is whether a defective highway claim based on the design of Route 44 across Avon Mountain falls within the purview of General Statutes § 13a-144,[1] pursuant to which the state has consented to liability for certain injuries caused by a defective highway. The plaintiff, Michael Cummings,[2] brought this defective highway action under § 13a-144 against the defendant, the Department of Transportation, seeking damages for injuries the plaintiff sustained when a truck descending Avon Mountain along Route 44 experienced brake failure and collided with multiple vehicles. The defendant filed a motion to dismiss the action on the ground that the complaint failed to state a claim under § 13a-144 and, therefore, was barred by sovereign immunity. The trial court denied the defendant's motion to dismiss, and the defendant appealed from that decision to the Appellate Court.[3] The Appellate Court determined that the plaintiff's complaint failed to state a cause of action under § 13a-144 and, accordingly, reversed the judgment of the trial court and remanded the case with direction to render judgment dismissing the plaintiff's complaint. *Cummings* v. *Dept. of Transportation*, 142 Conn. App. 843, 849, 68 A.3d 123 (2013). We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the plaintiff's action should have been dismissed for lack of subject matter jurisdiction because the allegations in the plaintiff's complaint failed to state a cause of action under . . . § 13a-144?" *Cummings* v. *Dept. of Transportation*, 309 Conn. 920, 76 A.3d 624 (2013). We answer this question in the affirmative and, accordingly, affirm the judgment of the Appellate Court.

The following facts and procedural history are relevant to our disposition of this appeal. The plaintiff brought this defective highway action against the defendant alleging that, on July 29, 2005, he "was operating his motor vehicle easterly along [Route] 44, a public highway in Avon . . . when a series of collisions occurred when a truck owned by American Crushing and Recycling, LLC, careened down Avon Mountain from east to west, left the west bound travel path, experienced exploded brakes and crashed into multiple vehicles including the [plaintiff's] as it traversed and descended the 10 [percent] slope down Avon Mountain on Route 44," causing the plaintiff "severe injuries . . . ."

The plaintiff alleged that his injuries resulted from the neglect or default of the defendant, "by means of a defective road, in one or more of the following ways:

"(a) in that [the defendant] utilized a plan of design, construction and/or repair for the area of Route 44

described above, adopted by the state of Connecticut and/or its employees, which was totally inadequate, in that it created an unsafe condition;

"(b) in that [the defendant] failed to provide adequate warnings and signage on the downhill grade on Route 44 before the intersection;

"(c) in that [the defendant] failed to construct a necessary runaway truck ramp;

"(d) in that [the defendant] failed to prohibit trucks on this roadway in the absence of other safeguards;

"(e) in that [the defendant] failed to have, or failed to have adequate, procedures for maintaining the downhill slope in a safe condition;

"(f) in that [the defendant] failed to train, or properly train, personnel in inspection of, or maintenance of, the signage and grade;

"(g) in that [the defendant] failed to maintain, or properly maintain, the roadway for traffic upon it;

"(h) in that [the defendant] failed to inspect, or properly inspect, the roadway so that it could be maintained or properly maintained;

"(i) in that [the defendant] failed to train, or properly train, personnel to inspect the roadway so that it could be maintained or properly maintained;

"(j) in that [the defendant] failed to have, or failed to have adequate, procedures for inspecting and maintaining the roadway so as to be safe for vehicular traffic;

"(k) in that [the defendant] failed to have procedures in place so adequate notice could be given to correct unsafe conditions on the roadway or so that the roadway could be closed;

"(*l*) in that [the defendant] failed to follow procedures which were intended to give adequate notice so that unsafe conditions on the roadway could be corrected, or the roadway closed;

"(m) in that [the defendant] failed to provide adequate advance warning of said dangerous area to oncoming motorists so that they could avoid foreseeable out of control vehicles coming down [Avon] [M]ountain;

"(n) in that [the defendant] failed to close the road until conditions could be made safe for travel;

"(o) in that [the defendant] failed to follow practices and procedures set forth in the state's Policy Manual;

"(p) in that [the defendant] failed to properly supervise state agents, servants or employees who were responsible for maintaining the roadway in a safe condition . . .

"(q) in that [the defendant] failed to install visible street signage for cross streets at Deercliff Road at the

top of [Avon] [M]ountain; [and]

"(r) in that [the defendant] failed to maintain a safe and adequate intersection at Deercliff Road and [Route] 44."

The defendant filed a motion to dismiss the action on the ground that the plaintiff's allegations were insufficient, as a matter of law, to state a claim under § 13a-144.[4] Specifically, the defendant claimed that the allegations did not fall within the limited exception to the general rule barring design defect claims under the defective highway statute. After a hearing, the trial court, *Sheldon, J.*, denied the defendant's motion to dismiss.[5] The trial court reasoned that "the plan of design providing for the steep downhill grade of Route 44, which has always been open to truck traffic, is alleged and may be proved by the [plaintiff] to have been defective from the outset because its incorporation into the roadway created a condition, intrinsic to the roadway, that constituted a nuisance, when the roadway was used as intended by trucks, from which injury [was] ultimately necessarily the inevitable or probable result." (Internal quotation marks omitted.) Therefore, the trial court determined that the allegedly defective plan of design providing for a steep downhill grade of Route 44 fell within the ambit of the defective highway statute.

The defendant appealed from the trial court's decision to the Appellate Court.[6] The Appellate Court concluded that the plaintiff failed to allege an actionable highway defect under § 13a-144 and, therefore, that his claim was barred by sovereign immunity. *Cummings* v. *Dept. of Transportation*, supra, 142 Conn. App. 849. The Appellate Court incorporated by reference its analysis in *Stotler* v. *Dept. of Transportation*, 142 Conn. App. 826, 70 A.3d 114 (2013),[7] wherein the Appellate Court reasoned that the trial court misconstrued the plaintiff's complaint as alleging that the steep downhill grade of the road *alone* is an actionable highway design defect. Id., 841; see *Cummings* v. *Dept. of Transportation*, supra, 849. Instead, the Appellate Court in *Stotler* construed the complaint to allege that the design of Route 44 providing for the steep downhill grade *in combination with* the lack of tangible safety measures rendered the road defective. *Stotler* v. *Dept. of Transportation*, supra, 841. That court determined that the absence of safety measures is not an actionable highway defect, and, therefore, the plaintiff failed to state a claim under § 13a-144. Id. Accordingly, the Appellate Court in *Cummings* reversed the judgment of the trial court. *Cummings* v. *Dept. of Transportation*, supra, 849. This certified appeal followed.[8]

The plaintiff claims that the Appellate Court improperly concluded that the trial court should have dismissed his complaint on jurisdictional grounds because his allegations are insufficient to state a cause of action under § 13a-144. We disagree and, accordingly, we con-

clude that the Appellate Court properly reversed the trial court's judgment. Therefore, we affirm the judgment of the Appellate Court.

In all material respects, the plaintiff's complaint is indistinguishable from the complaint filed against the defendant in *Stotler* v. *Dept. of Transportation*, 313 Conn. , A.3d (2014), an opinion we have also released today. In *Stotler*, we held that a claim identical to the one alleged in the present case was barred by sovereign immunity because it did not fall within the ambit of the defective highway statute. Id., . The present case is controlled by our holding and analysis in *Stotler*. Accordingly, we conclude that the Appellate Court properly determined that the trial court should have dismissed the plaintiff's complaint for failure to state a claim under § 13a-144.

The judgment of the Appellate Court is affirmed.

In this opinion PALMER, ZARELLA, ROBINSON and VERTEFUILLE, Js., concurred.

[1] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

[2] Although the original complaint included a loss of consortium claim by the plaintiff Tammy Cummings, the wife of Michael Cummings, the plaintiffs subsequently withdrew the loss of consortium claim. In this opinion, we refer to Michael Cummings as the plaintiff.

[3] Despite the general rule that interlocutory rulings are not immediately appealable, the denial of a motion to dismiss based on a colorable claim of sovereign immunity is an appealable final judgment. See, e.g., *McIntosh* v. *Sullivan*, 274 Conn. 262, 264 n.2, 875 A.2d 459 (2005); *Gordon* v. *H.N.S. Management Co.*, 272 Conn. 81, 91 n.12, 861 A.2d 1160 (2004).

[4] More specifically, the defendant filed a hybrid motion captioned "motion to dismiss and/or for summary judgment" in which it claimed that the plaintiff's complaint was "barred by the doctrine of sovereign immunity and/or there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law." With respect to its summary judgment claim, the defendant argued that it was entitled to judgment as a matter of law because the alleged highway defect was not the sole proximate cause of the plaintiff's injuries. See, e.g., *Ormsby* v. *Frankel*, 255 Conn. 670, 675–76, 768 A.2d 441 (2001) (plaintiff bringing claim under § 13a-144 must prove that alleged highway defect was sole proximate cause of injuries claimed). In particular, the defendant claimed there was no genuine issue of material fact that the dump truck involved in the collision had defective brakes, and that the defective brakes were a proximate cause of the plaintiff's injuries.

The trial court, *Sheldon J.*, denied the defendant's motion for summary judgment and the defendant appealed from that decision to the Appellate Court. The Appellate Court, however, declined to review the defendant's summary judgment claim in light of its threshold determination that the plaintiff's complaint should have been dismissed for failure to state a claim under § 13a-144. *Cummings* v. *Dept. of Transportation*, supra, 142 Conn. App. 849.

After we granted the plaintiff's petition for certification, the defendant raised as an alternative ground for affirmance that "the claimed highway defects were not, as a matter of law, the sole proximate causes of the subject accident." See Practice Book § 84-11. Because we conclude that the Appellate Court properly reversed the judgment of the trial court on the ground that the plaintiff's complaint failed to state a claim under § 13a-144, we do not reach the merits of the defendant's alternative ground for affirmance.

[5] Earlier in these proceedings, the trial court, *Graham, J.*, granted the

defendant's motion to consolidate this action, pursuant to Practice Book § 9-5 (a), with the related action in *Stotler* v. *Dept. of Transportation*, Superior Court, judicial district of Hartford, Docket No. CV-07-5011825-S (September 29, 2011). The trial court, *Sheldon, J.*, therefore issued a memorandum of decision that disposed of the defendant's motions to dismiss and/or for summary judgment in both cases.

[6] The defendant appealed from the trial court's judgment in both the present case and *Stotler* v. *Dept. of Transportation*, Superior Court, judicial district of Hartford, Docket No. CV-07-5011825-S (September 29, 2011). See *Stotler* v. *Dept. of Transportation*, 142 Conn. App. 826, 70 A.3d 114 (2013). The Appellate Court granted the plaintiff's motion to adopt the appellate brief of the plaintiff-appellee in *Stotler*, and consolidated the two appeals for oral argument only. *Cummings* v. *Dept. of Transportation*, supra, 142 Conn. App. 847 n.2.

[7] The Appellate Court determined that the plaintiff's complaint is substantively identical to the complaint in *Stotler* v. *Dept. of Transportation*, supra, 142 Conn. App. 826, and, therefore, that the "[t]he present claim is controlled by [the] analysis and holding in *Stotler*." *Cummings* v. *Dept. of Transportation*, supra, 142 Conn. App. 849.

[8] For the purposes of oral argument only, this court consolidated the present case and the related certified appeal in *Stotler*. See *Stotler* v. *Dept. of Transportation*, 313 Conn.    ,    A.3d    (2014).